BRAINARD & JOHNSON v. ELWOOD.

1. **Attorney's Lien**: EFFECT OF: JUDGMENT. Where an attorney had given notice of his claim to a lien upon the money due on a judgment obtained in favor of his client, it was held that the court properly overruled a motion to set aside the judgment, based upon a stipulation between the client and the adverse party. SEEVERS, J., *dissenting*.

*Appeal from Jones District Court.*

TUESDAY, DECEMBER 16.

THIS appeal is taken from the order of the court overruling a motion made by the defendant to set aside the judgment rendered in the case.

*Sheean & McCarn*, for appellant.

*W. I. Chamberlin*, for appellees.

ADAMS, J.—The judgment in question, for $2,004, was rendered, June 1, 1878. On the third day of June the attorneys

1. ATTOR-
NEY's lien:
effect of:
judgment.

who obtained the judgment for the plaintiffs filed liens thereon for their services in the case. There was evidence also tending to show that certain creditors of the plaintiffs acquired an interest in the judgment. In October, 1878, the plaintiffs and defendant entered into a

stipulation that the judgment should be set aside. At the next December term of the court the motion in question was made, being based on the stipulation.

In the view which we take of the case it will be sufficient to consider whether the court was justified in overruling the motion by reason of the attorney's liens filed upon the judgment. In our opinion it was. Code, section 215, provides that an attorney's lien may be made effective against the judgment debtor by giving notice of the lien in the judgment docket. When this is done it appears to us that the attorney acquires an interest in the judgment, and by a proper proceeding may have a decree against the judgment debtor and judgment creditor for the enforcement of so much of the judgment as shall enable him to collect what is due him. It is true that it is not specifically provided that the attorney shall have a lien upon the judgment. But where a lien is given upon money due by a judgment it appears to us that there is a resulting right to enforce the lien through the judgment. Where a person has a lien upon a promissory note secured by mortgage or otherwise, he has, without doubt, the benefit of the security. The security is an incident to the debt, and must redound to the benefit of any person who becomes entitled to collect the debt.

If, then, in the case at bar, the attorneys acquired an interest in the judgment, it was not within the power of the judgment creditor to divest it, either by discharging the judgment or by consenting that it might be set aside. It is true a case may arise where the judgment ought to be set aside, and that, too, without the expense of an appeal. From this it is argued that parties should be free to deal with the judgment in their own way. But if such a case should arise the parties can find a short road to freedom, either by paying the attorney or by releasing the lien under the statute. Code, section 216.

It may be that if the defendant had moved to set aside so much of the judgment as was not covered by the lien, the

motion should have been sustained. But no such question is before us. The principal object of the plaintiffs in consenting that the judgment might be set aside may have been to defeat their attorneys. If so they doubtless preferred that the motion should be overruled altogether than sustained as to that part of the judgment not covered by the attorneys' lien.

In our opinion there was no error in overruling the motion.

AFFIRMED.

The appellant filed a motion to strike from the files the appellee's additional abstract. It appears to us that there was no reason for filing such abstract, and the motion is sustained.

SEEVERS, J.—Being unable to concur in the foregoing opinion, I desire to briefly state the grounds of my dissent.

An attorney's fees are a lien on "money due his client in the hands of the adverse party." To effectuate the lien the attorney must serve a notice on the adverse party, stating "the amount claimed, and, in general terms, for what services." If, however, a judgment has been recovered by the client, such notice is deemed sufficiently served by entering the same "in the judgment docket opposite the judgment." Code, section 215. It is clear the lien is on the money in the hands of the adverse party, and not on the judgment.

A judgment is evidence of indebtedness, but it may be set aside by a new trial, or reversed on appeal. When this is done it no longer exists as evidence of indebtedness. Now I think the parties, in the absence of fraud, may, by stipulation, set aside the judgment and thus save the expense of an appeal in which, in their judgment, there must be a reversal. The judgment below should be reversed